**Brian T. Kiolbasa**, OSB No. 112890
kiolbasab@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **SCI COLLABORATION, LLC,** a Florida limited liability company, **NIKKI BUZZETTA,** and **KEN LUNA,** | Case No. _____ |
| Plaintiffs, | |
| v. | COMPLAINT |
| **SPORTS CAR INTERNATIONAL, LLC,** an Oregon limited liability company, and **JOHN MICHIAL SCHUMATE,** | (Breach of Contract) |
| Defendants. | |

Plaintiffs SCI Collaboration, LLC, Nikki Buzzetta, and Ken Luna (collectively "plaintiffs") file this Complaint against defendants Sports Car International, LLC, and John Michial Schumate (collectively, "defendants"), and allege as follows:

## **PARTIES**

1.      Plaintiff SCI Collaboration, LLC ("SCI Collaboration") is a Florida limited liability company.  None of SCI Collaboration's members are residents of Oregon.

PAGE 1 -      COMPLAINT

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

2.      Plaintiff Nikki Buzzetta is a member of SCI Collaboration, and is a resident of Florida.

3.      Plaintiff Ken Luna is a member of SCI Collaboration, and is a resident of Texas.

4.      Defendant Sports Car International, LLC ("SC International"), is an Oregon limited liability company.  On information and belief, all of SC International's members are residents of Oregon.

5.      Defendant John Michial Shumate is a member of SC International, and is a resident of Oregon.

## JURISDICTION & VENUE

6.      This Court has original jurisdiction under 28 U.S.C. § 1332(a), as each plaintiff is a resident of a different state than each defendant, and the matter in controversy exceeds $75,000.

7.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1), because defendants reside in this judicial district, and under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## STATEMENT OF FACTS

8.      On or about March 22, 2019, SCI Collaboration, through its members, Ms. Buzzetta and Mr. Luna, entered into a Joint Collaboration Agreement with SC International, acting through one of its members, John Michial Shumate.

9.      Under the Joint Collaboration Agreement, among other terms, SCI Collaboration agreed to provide funding to SC International to support SC International's international business dealings.

10.     Thereafter, pursuant to the Joint Collaboration Agreement, SCI Collaboration deposited $1,000,000 into SC International's bank account.

11.     Later in 2019, disagreements arose concerning SC International's performance of its obligations under the Joint Collaboration Agreement.  In particular, plaintiffs learned that defendants had misused the funds provided by SCI Collaboration, and after being questioned about

PAGE 2 -      COMPLAINT

the misuse, defendants misrepresented the status and nature of defendants' international business dealings.

12.    In or about July 2019, SC International repaid $250,000 of SCI Collaboration's $1,000,000 deposit.  However, the parties continued to disagree regarding SC International's performance, defendants' retention of the balance of the funds, and the legitimacy of defendants' business dealings.

13.    On or about December 30, 2019, the parties entered into a Termination and Release Agreement, a copy of which is attached hereto as **Exhibit 1**.  Among other terms, the parties agreed to terminate the Joint Collaboration Agreement, and defendants agreed to pay the sum of $750,000 to plaintiffs within 15 business days of December 30, 2019.

14.    To date, defendants have not made the $750,000 payment as required under the Termination and Release Agreement.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

15.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1-14 as though fully set forth herein.

16.    Under the Termination and Release Agreement, defendants agreed to pay $750,000 to plaintiffs within 15 business days of December 30, 2019.

17.    Accounting for weekends and federal holidays, defendants' payment was due to plaintiffs not later than January 23, 2020.

18.    Defendants have failed and refused to pay the $750,000 sum due under the Termination and Release Agreement.

## PRAYER FOR RELIEF

Based on the foregoing, plaintiffs pray for a judgment against defendants, jointly and severally, as follows:

a.    The principal amount of $750,000;

PAGE 3 -    COMPLAINT

b.      Prejudgment interest at the statutory rate on the above sum from January 23, 2020, until the date judgment is entered;

c.      Post-judgment interest at the statutory rate from the date judgment is entered until paid; and

d.      For such further relief as the Court deems just.

DATED:  January 30, 2020

LANE POWELL PC


By   s/ Brian T. Kiolbasa
      Brian T. Kiolbasa, OSB No. 112890
      kiolbasab@lanepowell.com
      Telephone: 503.778.2100
      Facsimile: 503.778.2200
Attorneys for Plaintiffs

PAGE 4 -      COMPLAINT

## TERMINATION AND RELEASE AGREEMENT

Sports Car International LLC, an Oregon limited liability company ("SCI"), and John Michial Shumate, on the one hand (together, the "Group A Parties"); and SCI Collaboration, LLC, a Florida limited liability company ("SCIC"), Nicole Buzzetta, and Ken Luna, on the other hand (together, the "Group B Parties"), hereby enter into this Termination and Release Agreement (this "Release Agreement"), effective *December 30, 2019*.

### Background

SCI and SCIC entered into a Joint Collaboration Agreement dated March 22, 2019 (the "Agreement"). Certain disagreements have arisen relating to the Agreement. In this Release Agreement, SCI and SCIC terminate the Agreement, and the Group A Parties and the Group B Parties release one another from all claims.

### Agreement

1.   Termination. The Agreement is hereby terminated.

2.   Payment. In consideration of the releases below, the termination of the Agreement above, and other valuable considerations, the sufficiency of which is hereby confessed and agreed to, SCI shall pay $750,000 to SCIC within fifteen business days after this Agreement is executed, according to the payment instructions attached as Exhibit A.

3.   Group A Parties' Release. Each Group A Party, on behalf of itself and its respective present and former parent, subsidiary, and affiliated entities, and each of their respective present and former employees, officers, directors, shareholders, members, managers, agents, representatives, heirs, successors, and assigns (collectively, "Representatives"), hereby releases, waives, and forever discharges the Group B Parties and their Representatives of and from any and all actions, causes of action, suits, losses, liabilities, rights, debts, dues, sums of money, accounts, reckonings, obligations, costs, expenses, liens, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, allegations of fraud or misrepresentation, damages, judgments, extents, executions, claims, and demands of every kind and nature whatsoever, whether now known or unknown, foreseen or unforeseen, matured or unmatured, suspected or unsuspected, in law or equity (collectively, "Claims"), that any Group A Party (or its Representatives) ever had, now have, or later can, will, or may have against any Group B Party (or its Representatives) for, upon, or by reason of any matter, cause,

TERMINATION AND RELEASE AGREEMENT

040984/00001/10583145v4

Exhibit 1 - Page 1

or thing whatsoever from the beginning of time through the date of this Release Agreement.

4. <u>Group B Parties' Release</u>. Each Group B Party, on behalf of itself and its Representatives, hereby releases, waives, and forever discharges the Group A Parties and their Representatives of and from any and all Claims that any Group B Party (or its Representatives) ever had, now have, or later can, will, or may have against any Group A Party (or its Representatives) for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of time through the date of this Release Agreement.

5. <u>Unknown Claims</u>. Each Party understands that it may later discover Claims or facts that may be different from, or in addition to, those that it or any other Party now knows or believes to exist regarding the subject matter of the release above, and which, if known at the time of signing this Release Agreement, may have materially affected this Release Agreement and such Party's decision to enter into it and grant the release above. Nevertheless, each Party intends to fully, finally, and forever settle and release all Claims that now exist, may exist, or previously existed, as set forth above, whether known or unknown, foreseen or unforeseen, or suspected or unsuspected, and the release given above is and will remain in effect as a complete release, notwithstanding the discovery or existence of such additional or different facts. Each Party hereby waives any right or Claim that might arise as a result of such different or additional Claims or facts.

6. <u>No Admission</u>. This Agreement is a compromise of disputed claims. No Party admits any allegation or claim by signing this Release Agreement.

7. <u>Confidentiality</u>. Each Party agrees to keep confidential and not disclose to any third party the terms and conditions of settlement and of the contents of this Release Agreement, the existence of this Release Agreement, the subject matter of this Release Agreement, and any of the negotiations and discussions that preceded the making of this Release Agreement (collectively "Confidential Matters"), except as may be necessary to perform of effectuate any term or provision of this Release Agreement or to comply with federal or state law or a subpoena of a court of competent jurisdiction. If any of the foregoing exceptions to confidentiality may be applied, the disclosing party will nevertheless use their best efforts to seek confidential treatment of the Confidential Matters by any receiving party. Each Party shall have all remedies available to it to enforce this paragraph of the agreement including, but not limited to, specific performance.

8. <u>Other</u>. This Release Agreement will be effective only when executed by all Parties. This Release Agreement is governed by the substantive laws *of the State*

TERMINATION AND RELEASE AGREEMENT

040984/00001/10583145v4

Exhibit 1 - Page 2

of Oregon, without regard to conflicts-of-laws principles. Any dispute arising out of or relating to this Release Agreement will be resolved exclusively by the courts located in Clackamas, Oregon. This Release Agreement, and each of its terms and provisions, may be amended, modified, waived, or supplemented only by an agreement in writing signed by each Party. This Release Agreement may be executed in counterparts, each of which is deemed an original, but all of which constitute one and the same agreement. Signatures delivered electronically are effective as originals. This Release Agreement constitutes the sole and entire agreement of the Parties with respect to its subject matter and supersedes (and each Party hereby disclaims reliance upon) any and all prior and contemporaneous understandings, agreements, representations, and warranties, both written and oral, with respect to such subject matter.

**GROUP A PARTIES:**                    **GROUP B PARTIES:**

Sports Car International, LLC           SCI Collaboration, LLC

By: _____          By: _____
John Michial Shumate                    Nicole Buzzetta
Member                                  Member

_____              By: _____
John Michial Shumate                    Ken Luna
12/28/2018                              Member

                                        _____
                                        Nicole Buzzetta

                                        _____
                                        Ken Luna

TERMINATION AND RELEASE AGREEMENT

040984/00001/10583145v4

Exhibit 1 - Page 3